UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH HARTSOCK,           )
                           )
           Petitioner,     )
                           )
      vs.                  )   No. 1:17-cv-02438-TWP-MJD
                           )
SUPERINTENDENT New Castle Correctional )
Facility,                  )
                           )
           Respondent.     )

**Entry Granting Motion to Dismiss Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, NCN 17-01-0041, in which he was found guilty of counterfeiting documents on February 6, 2017. His sanctions included a 30-day loss of phone and commissary privileges and a suspended loss of 30 days earned credit time. The respondent moves to dismiss the petition, arguing that the petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 and thus he cannot obtain any habeas relief.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanction cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning

class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

Here, the petitioner's sanction did not include the loss of good-time credits or a demotion in credit-class earning. Although the petitioner argues that he brought his petition during the six-month window in which the suspended loss of good-time credits could have been imposed, that time has now passed and the plaintiff does not assert that the suspended sanction was ever imposed. Because the suspended loss of good-time credits was not imposed, and the time in which it could be imposed has passed, the petitioner is not "in custody" under § 2254. Thus the respondent's motion to dismiss, dkt. [9], must be **granted**. The petitioner's petition for a writ of habeas corpus is **dismissed**. Final Judgment in accordance with this decision shall now issue.

**IT IS SO ORDERED**.

Date: 2/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JOSEPH HARTSOCK
966460
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362